UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN IMMIGRANT INVESTOR ALLIANCE,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>*Defendant.* | Civil Action No. 22-2598 (TNM) |

## ANSWER

Defendant, the United States Citizenship and Immigration Services ("USCIS"), by and through undersigned counsel, hereby submits this Answer to the Complaint, ECF No. 1, filed against Defendant by Plaintiff, American Immigrant Investor Alliance, in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

## RESPONSES

Defendant responds to the separately unnumbered and numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied.  Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in the unnumbered and numbered paragraphs as follows:

## COMPLAINT[1]

Unnumbered paragraph 1.  This is an improper, compound, and unnumbered paragraph to which no response is required.  Fed. R. Civ. P. 10(b).  This introductory paragraph contains Plaintiff's description of the Plaintiff's two FOIA requests.  Defendant respectfully refers the Court to the cited requests for a full and fair explanation of their content.

Unnumbered paragraph 2.  This is an improper, compound, and unnumbered paragraph to which no response is required.  Fed. R. Civ. P. 10(b).  Defendant admits that it has not produced records in response to Plaintiff's two FOIA requests.  The remainder of this paragraph contains legal conclusions to which no response is required.

Unnumbered paragraph 3.  This is an improper, unnumbered paragraph to which no response is required.  Fed. R. Civ. P. 10(b).  This paragraph contains Plaintiff's prayer for relief to which no response is required.  Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

### JURISDICTION AND VENUE

1.      Defendant admits that this Court has subject-matter jurisdiction subject to the terms and limitations of FOIA and the Department of Homeland Security's FOIA regulations.

2.      Defendant admits that the Court may grant relief subject to the terms and limits of the FOIA.  Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

3.      Defendant denies that the Court has authority to grant relief in this action under the Declaratory Judgment Act.

---

[1]      For ease of reference, Defendant's Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

4.      Defendant admits that venue is proper in this District for this action.

5.      While Defendant denies that it has violated FOIA, Defendant admits that Plaintiff has exhausted administrative remedies.

6.      The allegation in this paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to any relief.

7.      The allegation in this paragraph is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to injunctive relief.

**PARTIES**

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in paragraph 8.

9.      Defendant admits that it is a U.S. agency subject to FOIA.  Defendant further admits that it is a component in the Department of Homeland Security within the Executive Branch.  The remaining allegations in paragraph 9 consist of legal allegations to which no response is required.

**STATUTORY FRAMEWORK**

***EB-5 Program***

10.      Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers the Court to the cited statute for a full and fair statement of its content.

11.      Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers to the Court to 8 U.S.C. § 1153 for a full and fair statement of its content.

12.    Paragraph 12 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers the Court to the cited provisions for a full and fair statement of their contents.

13.    Paragraph 13 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers the Court to the cited provision for a full and fair statement of its content.

14.    Paragraph 14 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers the Court to the cited provision for a full and fair statement of its content.

15.    Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers the Court to the cited provision for a full and fair statement of its content.

16.    Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers the Court to the cited provision for a full and fair statement of its content.

17.    Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant refers the Court to the cited provision for a full and fair statement of its content.

18.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

*The June 10, 2021 Sunset and USCIS' Unlawful Interpretation*

19.     Defendant admits the first sentence of Paragraph 19.  The remaining sentence in this paragraph contains allegations that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

20.     The allegations in this paragraph are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

21.     The allegations in this paragraph are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

22.     The allegations in this paragraph are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.

24.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

*EB-5 Revised By Congress*

25.     This paragraph contains Plaintiff's characterization of the referenced Act. Defendant respectfully refers the Court to the cited Act for a full and fair statement of its content.

26.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

*EB-5 Petitions, Adjustment of Status, and Ancillary Benefits*

28.     This paragraph consists of Plaintiff's summary of 8 C.F.R. § 204.6(j).  Defendant respectfully refers the Court to the cited regulation for a full and fair statement of its content.

29.     This paragraph consists of Plaintiff's summary of the cited provisions.  Defendant respectfully refers the Court to the cited statute and regulation for a full and fair statement of their contents.

30.     This paragraph consists of Plaintiff's summary of 8 C.F.R. § 274a.12(c)(9). Defendant respectfully refers the Court to the cited regulation for a full and fair statement of its content.

31.     This paragraph consists of Plaintiff's summary of the referenced statute and regulation.  Defendant respectfully refers the Court to these provisions for a full and fair statement of their contents.

32.     This paragraph consists of Plaintiff's summary of the referenced statute and regulations.  Defendant respectfully refers the Court to the cited statute and regulation for a full and fair statement of its content.

33.     The allegations in this paragraph are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

34.     The allegations in this paragraph and accompanying footnote are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required.

35.     Defendant lacks information or knowledge sufficient to form a belief as to the truthfulness of the allegations in this paragraph.

*FOIA*

36.     This paragraph contains a legal conclusion to which no response is required.

37.     This paragraph contains a legal conclusion to which no response is required.

38.     This paragraph contains a legal conclusion to which no response is required.

39.     This paragraph contains a legal conclusion to which no response is required.

40.     This paragraph contains a legal conclusion to which no response is required.

41.     This paragraph contains a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

### Request 1

42.     Defendant admits receiving Plaintiff's FOIA request, dated October 18, 2021. Defendant refers the Court to the cited FOIA request for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

43.     Defendant admits acknowledging the request by letter, dated October 25, 2021, and assigning the request tracking number COW2021004358.

44.     Defendant admits that the agency's letter stated that the request was not adequately described.  Defendant refers the Court to the cited letter for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

45.     Defendant admits the cited letter referenced a response date and respectfully refers the Court to the cited letter for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

46.     Defendant admits the cited letter cited referenced a contact person and respectfully refers the Court to the cited letter for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 47, with regard to Plaintiff's call to the Defendant's office.

48.     Defendant admits receiving an email from Plaintiff, dated December 2, 2021, and that Defendant did not reply to this specific email.

49.     Defendant admits receiving additional information from Plaintiff, dated December 3, 2021, regarding Plaintiff's FOIA request.

50.     Defendant admits that it confirmed receipt of the additional information submitted by letter by letter, dated January 28, 2022.

51.     Defendant admits that it invoked a 10-day extension pursuant to 5 U.S.C. § 552(a)(6)(B).  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

52.     The allegations in this paragraph consist of legal conclusions to which no response is required.

53.     The allegations in this paragraph consist of legal conclusions to which no response is required.

54.     Defendant admits that it has not provided documents responsive to Plaintiff's FOIA request.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

**Request 2**

55.     Defendant admits receiving Plaintiff's FOIA request, dated July 8, 2022. Defendant refers the Court to the cited FOIA request for its true and complete contents and denies all allegations in this paragraph that are inconsistent therewith.

56.     Defendant admits acknowledging the request by letter, dated July 11, 2022, and assigning the request tracking number COW2022003362.

57.     Defendant admits that it invoked a 10-day extension pursuant to 5 U.S.C. § 552(a)(6)(B).  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

58.     The allegation in this paragraph consists of a legal conclusion to which no response is required.

59.     Defendant admits that it has not provided documents responsive to Plaintiff's FOIA request.  The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

## CAUSES OF ACTION

### COUNT I
### Violation of the Freedom of Information Act
### under 5 U.S.C. § 552(a)

60.     Defendant repeats the responses in paragraphs 1-59 and incorporates them by reference as if fully set forth herein.

61.     Paragraph 61 contains a legal conclusion to which no response is required.

62.     Paragraph 62 contains a legal conclusion to which no response is required.

63.     Paragraph 63 contains a legal conclusion to which no response is required.

64.     Paragraph 64 contains a legal conclusion to which no response is required.

### COUNT II
### Violation of the Freedom of Information Act
### under 5 U.S.C. § 552(a)

65.     Defendant repeats the responses in paragraphs 1-64 and incorporates them by reference as if fully set forth herein.

66.     Paragraph 66 contains a legal conclusion to which no response is required.

67.     Paragraph 67 contains a legal conclusion to which no response is required.

68.     Paragraph 68 contains a legal conclusion to which no response is required.

69.     Paragraph 61 contains a legal conclusion to which no response is required.

### PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

### DEFENSES

Defendant alleges the following additional defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.  Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  *See* 5 U.S.C. § 552.

### SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

### THIRD DEFENSE

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

### FOURTH DEFENSE

Plaintiff's FOIA requests, in whole or in part, fail to reasonably describe the records sought.

**FIFTH DEFENSE**

Plaintiff is not eligible for nor entitled to attorneys' fees and costs.

Dated:  October 14, 2022                     Respectfully submitted,

                                             MATTHEW M. GRAVES, D.C. Bar No. 481052
                                             United States Attorney

                                             BRIAN P. HUDAK
                                             Chief, Civil Division

                          By:    /s/ *Douglas C. Dreier*
                                 DOUGLAS C. DREIER, D.C. Bar No. 1020234
                                 Assistant United States Attorney – Civil Division
                                 U.S. Attorney's Office for the District of Columbia
                                 601 D Street, N.W.
                                 Washington, D.C.  20530
                                 (202) 252-2551
                                 douglas.dreier@usdoj.gov

                                 *Counsel for Defendant*